# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) RONALD CONWAY, individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-0658-CVE-FHM |
| | ) | |
| (1) LONE STAR TRANSPORTATION, LLC; | ) | |
| a foreign corporation; and | ) | |
| (2) WESLEY DINSMORE, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Ronald Conway, individually, and for his causes of action against the Defendant, Lone Star Transportation, LLC (hereinafter also referred to as "Lone Star"); and Defendant, Wesley Dinsmore, individually, alleges and states as follows:

## PROCEDURAL HISTORY

1. That Plaintiff commenced this action by filing a Petition in the Tulsa County District Court for the State of Oklahoma on August 12, 2019.

2. That Plaintiff effected service of process upon Defendant Dinsmore via in-person service by a licensed process server on November 16, 2019.

3. That Plaintiff effected service of process upon Defendant Lone Star via U.S.P.S. Certified Mail Return Receipt Requested on November 20, 2019.

4. That on December 4, 2019, Defendants effected removal of this action to this Court pursuant to 28 U.S.C. §1441 based on diversity of citizenship.

1

5. That on December 11, 2019, pursuant to Fed. R. Civ. P. Rule 81(c)(2)(C), Defendants timely filed a Partial Motion to Dismiss for Failure to State a Claim based upon Fed. R. Civ. P. Rule 12(b)(6) [Court Doc. #8].

6. That on December 11, 2019, pursuant to Fed. R. Civ. P. Rule 81(c)(2)(C) Defendants timely filed an Answer [Court Doc. #9] which included, among other things, reassertions of the 12(b)(6) defenses raised in the said Partial Motion to Dismiss for Failure to State a Claim.

7. That, pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B), Plaintiff timely files as a matter of course, this Amended Complaint [Court Doc. #11].

8. That, pursuant to Fed. R. Civ. P. Rule 12(f)(2), Plaintiff will timely file a Motion to Strike [Court Doc. #12] relative to Defendants' Partial Motion to Dismiss for Failure to State a Claim.

## JURISDICTION / VENUE

9. That Plaintiff is and was at all relevant times a resident and citizen of Carter County, State of Oklahoma.

10. That Defendant, Lone Star, is a Texas corporation with principal place of business in Tarrant County, State of Texas.

11. That Defendant, Lone Star, is an interstate commercial carrier that has a "brick and mortar" physical office building and "yard" located at 2935 N Toledo Ave, Tulsa, OK 74115 in Tulsa County, Oklahoma.

12. That Defendant, Lone Star houses, stores, and/or maintains multiple vehicles and semi-tractor trailers at its physical location identified in Paragraph 3.

13. That Defendant, Lone Star, owned and operated a semi-tractor trailer that was involved in the subject collision (hereafter also referred to as the "subject trailer"), and that Defendant Lone Star maintains an Oklahoma tag and title on the subject trailer therefore indicating that the subject trailer is a registered Oklahoma vehicle.

14. That Defendant, Lone Star, complying with the laws of Oklahoma and the rules of the Oklahoma Tax Commission, purchased a two-year registration tag for the subject trailer in Tulsa County on June 28, 2017.

15. That Defendant, Lone Star, has conducted business and continues to conduct business in the State of Oklahoma and other states.

16. That Defendant, Lone Star, has a registered service agent with the Oklahoma Secretary of State.

17. That Defendant, Dinsmore, is and was at all relevant times a resident and citizen of the State of North Carolina.

18. That the subject collision which gives rise to the cause of action as stated and identified below occurred in Grayson County, State of Texas.

19. That Plaintiff alleges injuries and damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of costs and interest.

Based on the foregoing Court has jurisdiction and venue over the parties and the subject causes of action pursuant to 28 U.S.C. §1332.

3

## **FIRST CAUSE OF ACTION – NEGLIGENCE BY DINSMORE**

COMES NOW the Plaintiff, and for his First Cause of Action (negligence by Defendant Dinsmore) reasserts, realleges, and adopts by material reference the allegations contained above, and would further allege and state as follows:

20. That on or about August 13, 2017, the Plaintiff was operating a semi-tractor trailer unit traveling westbound on U.S. Highway 82 in or near the city of Sherman, Texas.

21. Plaintiff was operating his semi-tractor trailer unit in the far inside lane.

22. Defendant, Dinsmore was operating a semi-tractor trailer unit traveling westbound in the outside lane of U.S. Highway 82 and was positioned ahead of Plaintiff's semi-tractor trailer unit.

23. Suddenly and without warning the Defendant, Dinsmore, attempted to make an improper lane change and/or U-turn in front of Plaintiff's vehicle causing Defendant's semi-tractor trailer unit (and the subject trailer) to collide with Plaintiff's semi-tractor trailer unit (herein also referred to as the "subject collision" or the "subject incident").

24. That the Plaintiff was operating his semi-tractor trailer unit in a lawful manner when the subject collision occurred.

25. That as a result of said collision, the Plaintiff sustained serious and severe bodily injuries and damages. Plaintiff has undergone multiple surgeries in an attempt to repair the serious and severe bodily injuries suffered by Plaintiff as a result of the subject collision.

26. That the Plaintiff alleges the cause of his bodily injuries and damages are due to, in whole or in part, the acts and/or conduct and/or omissions of the Defendant, Dinsmore.

27. Plaintiff further alleges that Plaintiff's injuries and damages were not caused and/or contributed to by the Plaintiff.

28. Plaintiff alleges liability for the subject collision, in whole or in part, on the part of Defendant Dinsmore:

   a. Defendant, Dinsmore's careless and/or reckless and/or unsafe operation of a motor vehicle on the public roadways;

   b. Defendant, Dinsmore's failure to exercise due care in the operation of a motor vehicle;

   c. Defendant, Dinsmore's failure to utilize and/or use braking or steering mechanisms of a motor vehicle so as to avoid the above mentioned collision between or among said motor vehicles;

   d. Defendant, Dinsmore's failure to devote full time and attention to the operation of a motor vehicle on the public roadways;

   e. Defendant, Dinsmore's failure to keep a proper lookout for other vehicles lawfully upon the public roadway;

   f. Defendant, Dinsmore's distracted driving and/or unsafe speed while travelling on a public roadway;

   g. Defendant, Dinsmore's reckless driving in violation of the rules of the road or other policies of Defendant, Lone Star; and/or

   h. Defendant, Dinsmore's improper lane change and/or U-turn on a public roadway.

29. That the Plaintiff has suffered and will continue to suffer lost wages in an amount in excess of $400,000.00 as a result of the subject collision.

30. That as a result of, in whole or in part, the acts and/or conduct and/or omissions of the Defendant Dinsmore, the Plaintiff has sustained permanent, painful, and progressive bodily injuries; has incurred and will incur reasonable and necessary medical care and treatment, and the expense for same in the amount of at least $250,000.00 to date and will most probably incur additional reasonable medical expenses in the future for said treatment of Plaintiff's injuries sustained in the subject collision; has incurred and will incur loss of income and/or financial resources and/or revenues; has suffered and/or will suffer physical and emotional pain and suffering; has suffered and/or realized loss of enjoyment of life and will suffer and realize loss of enjoyment of life in the future, along with other legally recognized damages, all to his total damage in a sum in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of costs and interest.

31. That the acts and/or conduct and/or omissions of Defendant Dinsmore (as specifically stated above) in causing said collision, demonstrates a willful, wanton, grossly negligent and/or careless and/or reckless acts and/or conduct and/or omissions as to the rights and safety of the public in general, and the Plaintiff in particular. Further, Plaintiff alleges that Defendant Dinsmore violated numerous provisions of Defendant, Lone Star's own internal policies and procedures for the operation of a motor vehicle upon the public roadways in causing the subject collision.

32. That as a direct result of Defendant Dinsmore's grossly negligent conduct and/or acts and/or omissions, and/or careless or reckless disregard for the rights of the

6

Plaintiff, in particular, and the public generally, the Plaintiff has sustained serious bodily injuries and damages. Plaintiff is entitled to an award of exemplary or punitive damages from the jury as against Defendant Dinsmore for his acts and/or conduct and/or omissions that caused and/or contributed to the causing of the subject collision. Plaintiff, therefore, prays the Court to grant Plaintiff an award of exemplary or punitive damages in favor of the Plaintiff and against Defendant Dinsmore, individually, for a sum in excess of One Hundred Thousand Dollars ($100,000.00) as punitive or exemplary damages, exclusive of costs and interest.

## SECOND CAUSE OF ACTION – NEGLIGENCE BY LONE STAR

COMES NOW the Plaintiff, and for his Second Cause of Action (negligence by Defendant Lone Star) reasserts, realleges, and adopts by material reference the allegations contained above, and would further allege and state as follows:

33. That Defendant Lone Star owned the semi-tractor power unit (hereafter also referred to as the "subject power unit") that Defendant Dinsmore, was operating when he caused the subject collision.

34. That Defendant Lone Star owned the subject trailer being pulled by Defendant Dinsmore, when he caused the subject collision was owned by.

35. That Defendant, Dinsmore, was within the course and scope of his employment or was an agent and/or contractor of with Defendant, Lone Star, when he caused the subject collision.

36. That Defendant Lone Star is liable to Plaintiff for the acts and/or conduct and/or omissions of its employee and/or servant and/or agent and/or representative, Defendant Dinsmore (as specifically described above) via the concept of *respondeat superior*.

37. That as a result of said collision, the Plaintiff sustained serious and severe bodily injuries and damages. Plaintiff has undergone multiple surgeries in an attempt to repair the serious and severe bodily injuries suffered by Plaintiff as a result of the subject collision.

38. That the Defendant, Lone Star, is a commercial business entity engaged in business and subject to federal and state regulations. Defendant, Lone Star, is further subject to requirements to have in full force and effect, liability insurance to compensate individuals that are harmed by the Defendant, Lone Star, and/or any of its agents, employees, servants or representatives who are engaged in business for the Defendant, Lone Star.

39. That the Plaintiff has suffered and will continue to suffer lost wages in an amount in excess of $400,000.00 as a result of the subject collision.

40. That as a result of the acts and/or conduct and/or omissions of the Defendant, Dinsmore, and/or Defendant, Lone Star, by and/or through its authorized agent, servant, representative or employee Defendant Dinsmore, the Plaintiff has sustained permanent, painful, and progressive bodily injuries; has incurred and will incur reasonable and necessary medical care and treatment, and the expense for same in the amount of at least $250,000.00 to date and will most probably incur additional

reasonable medical expenses in the future for said treatment of Plaintiff's injuries sustained in the subject collision; has incurred and will incur loss of income and/or financial resources and/or revenues; has suffered and/or will suffer physical and emotional pain and suffering; has suffered and/or realized loss of enjoyment of life and will suffer and realize loss of enjoyment of life in the future, along with other legally recognized damages, all to his total damage in a sum in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of costs and interest.

41. That the acts and/or conduct and/or omissions of Defendant Lone Star's employee, servant or contractor identified as Defendant Dinsmore, in causing said collision above referenced, demonstrates a willful, wanton, grossly negligent and/or careless or reckless acts or conduct or omissions for the rights and safety of the public in general, and the Plaintiff in particular. Further, Plaintiff alleges that Defendant Lone Star's employee, servant, agent or representative Defendant Dinsmore violated numerous provisions of Defendant Lone Star's own internal policies and procedures for the operation of a motor vehicle upon the public roadways in causing the subject collision. Further, that Defendant Lone Star allowed, condoned, directed and/or permitted said conduct and/or acts and/or omissions to occur relative to its employee, agent, servant or representative, Defendant Dinsmore, which caused or contributed to the subject collision and Plaintiff's resulting injuries and damages.

42. That as a direct result of (independently or via *respondeat superior*) Defendant Lone Star's grossly negligent conduct and/or acts and/or omissions, and/or careless or reckless disregard for the rights of the Plaintiff, in particular, and the public

generally, the Plaintiff has sustained serious bodily injuries and damages. Plaintiff is entitled to an award of exemplary or punitive damages as against Defendant Lone Stare for the acts and/or conduct and/or omissions of the Defendant Dinsmore and/or Defendant Lone Star, by its agent, servant, employee or representative identified as the Defendant Dinsmore, relative to acts, conduct or omission while acting in the course and scope of his employment and/or agent and/or contractor relationship with Defendant Lone Star at the time of the subject collision. Plaintiff, therefore, prays the Court to grant Plaintiff an award of exemplary or punitive damages in favor of the Plaintiff and against Defendant Lone Star for a sum in excess of One Hundred Thousand Dollars ($100,000.00) as punitive damages, exclusive of costs and interest.

**THIRD CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT BY LONE STAR**

COMES NOW the Plaintiff, and for his Third Cause of Action (negligent entrustment by Defendant Lone Star) reasserts, realleges, and adopts by material reference the allegations contained above, and would further allege and state as follows:

43. That Defendant Lone Star carelessly and/or recklessly and/or unsafely, negligently entrusted possession of the subject power unit and subject trailer to Defendant Dinsmore who was, at the time of the subject collision, an unsafe and/or untrained and/or inadequately trained person relative to the operation of the subject power unit.

10

44. That as a result of, in whole or in part, the acts and/or conduct and/or omissions of the Defendant Lone Star, the Plaintiff has sustained permanent, painful, and progressive bodily injuries; has incurred and will incur reasonable and necessary medical care and treatment, and the expense for same in the amount of at least $250,000.00 to date and will most probably incur additional reasonable medical expenses in the future for said treatment of Plaintiff's injuries sustained in the subject collision; has incurred and will incur loss of income and/or financial resources and/or revenues; has suffered and/or will suffer physical and emotional pain and suffering; has suffered and/or realized loss of enjoyment of life and will suffer and realize loss of enjoyment of life in the future, along with other legally recognized damages, all to his total damage in a sum in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of costs and interest.

45. That the acts and/or conduct and/or omissions of Defendant Lone Star's employee, servant or contractor identified as Defendant Dinsmore, in causing said collision above referenced, demonstrates a willful, wanton, grossly negligent and/or careless or reckless acts or conduct or omissions for the rights and safety of the public in general, and the Plaintiff in particular. Further, Plaintiff alleges that Defendant Lone Star's employee, servant, agent or representative Defendant Dinsmore violated numerous provisions of Defendant Lone Star's own internal policies and procedures for the operation of a motor vehicle upon the public roadways in causing the subject collision. Further, that Defendant Lone Star allowed, condoned, directed and/or permitted said conduct and/or acts and/or omissions to occur relative to its

employee, agent, servant or representative, Defendant Dinsmore, which caused or contributed to the subject collision and Plaintiff's resulting injuries and damages.

46. That as a direct result of (independently or via *respondeat superior*) Defendant Lone Star's grossly negligent conduct and/or acts and/or omissions, and/or careless or reckless disregard for the rights of the Plaintiff, in particular, and the public generally, the Plaintiff has sustained serious bodily injuries and damages. Plaintiff is not only entitled to an award of compensatory damages, but also entitled to an award of exemplary or punitive damages as against Defendant Lone Stare for the acts and/or conduct and/or omissions of the Defendant Dinsmore and/or Defendant Lone Star, by its agent, servant, employee or representative identified as the Defendant Dinsmore, relative to acts, conduct or omission while acting in the course and scope of his employment and/or agent and/or contractor relationship with Defendant Lone Star at the time of the subject collision. Plaintiff, therefore, prays the Court to grant Plaintiff an award of compensatory damages in favor of Plaintiff and against Defendant Lone Star for a sum in excess of One Hundred Thousand Dollars ($100,000.00), and an award of exemplary or punitive damages in favor of the Plaintiff and against Defendant Lone Star for a sum in excess of One Hundred Thousand Dollars ($100,000.00) as punitive damages, exclusive of costs and interest.

**FOURTH CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION BY LONE STAR**

COMES NOW the Plaintiff, and for his Fourth Cause of Action (negligent hiring, training, supervision, and retention by Defendant Lone Star) reasserts, realleges, and adopts by material reference the allegations contained above, and would further allege and state as follows:

47. That Defendant Lone Star carelessly and/or recklessly and/or unsafely, negligently hired Defendant Dinsmore who was, at the time of the subject collision, an unsafe and/or untrained and/or inadequately trained and/or uncertified and/or inadequately certified person relative to the job duties for which Defendant Lone Star hired Defendant Dinsmore.

48. That Defendant Lone Star carelessly and/or recklessly and/or unsafely, negligently trained Defendant Dinsmore who was, at the time of the subject collision, an unsafe and/or untrained and/or inadequately trained person at the time of the subject collision.

49. That Defendant Lone Star carelessly and/or recklessly and/or unsafely, negligently supervised Defendant Dinsmore who was, at the time of the subject collision, an unsafe and/or unsupervised and/or inadequately supervised person at the time of the subject collision.

50. That Defendant Lone Star carelessly and/or recklessly and/or unsafely, negligently retained Defendant Dinsmore as an employee when Defendant Dinsmore was, at the time of the subject collision, an unsafe and/or untrained and/or inadequately

trained person to the extent that a reasonable employer would not have kept Defendant Dinsmore on as an employee.

51. That as a result of, in whole or in part, the acts and/or conduct and/or omissions of the Defendant Lone Star, the Plaintiff has sustained permanent, painful, and progressive bodily injuries; has incurred and will incur reasonable and necessary medical care and treatment, and the expense for same in the amount of at least $250,000.00 to date and will most probably incur additional reasonable medical expenses in the future for said treatment of Plaintiff's injuries sustained in the subject collision; has incurred and will incur loss of income and/or financial resources and/or revenues; has suffered and/or will suffer physical and emotional pain and suffering; has suffered and/or realized loss of enjoyment of life and will suffer and realize loss of enjoyment of life in the future, along with other legally recognized damages, all to his total damage in a sum in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of costs and interest.

52. That the acts and/or conduct and/or omissions of Defendant Lone Star's employee, servant or contractor identified as Defendant Dinsmore, in causing said collision above referenced, demonstrates a willful, wanton, grossly negligent and/or careless or reckless acts or conduct or omissions for the rights and safety of the public in general, and the Plaintiff in particular. Further, Plaintiff alleges that Defendant Lone Star's employee, servant, agent or representative Defendant Dinsmore violated numerous provisions of Defendant Lone Star's own internal policies and procedures for the operation of a motor vehicle upon the public roadways in causing the subject

14

collision and/or violation of state/federal statutes/regulations that are intended to be complied with by and/or through Defendant Lone Star's policies and/or procedures. Further, that Defendant Lone Star allowed, condoned, directed and/or permitted said conduct and/or acts and/or omissions to occur relative to its employee, agent, servant or representative, Defendant Dinsmore, which caused or contributed to the subject collision and Plaintiff's resulting injuries and damages.

53. That as a direct result of (independently or via *respondeat superior*) Defendant Lone Star's grossly negligent conduct and/or acts and/or omissions, and/or careless or reckless disregard for the rights of the Plaintiff, in particular, and the public generally, the Plaintiff has sustained serious bodily injuries and damages. Plaintiff is not only entitled to an award of compensatory damages, but also entitled to an award of exemplary or punitive damages as against Defendant Lone Stare for the acts and/or conduct and/or omissions of the Defendant Dinsmore and/or Defendant Lone Star, by its agent, servant, employee or representative identified as the Defendant Dinsmore, relative to acts, conduct or omission while acting in the course and scope of his employment and/or agent and/or contractor relationship with Defendant Lone Star at the time of the subject collision. Plaintiff, therefore, prays the Court to grant Plaintiff an award of compensatory damages in favor of Plaintiff and against Defendant Lone Star for a sum in excess of One Hundred Thousand Dollars ($100,000.00), and an award of exemplary or punitive damages in favor of the Plaintiff and against Defendant Lone Star for a sum in excess of One Hundred

Thousand Dollars ($100,000.00) as punitive damages, exclusive of costs and interest.

**FIFTH CAUSE OF ACTION – NEGLIGENCE PER SE**

COMES NOW the Plaintiff, and for his Fifth Cause of Action (negligence per se) reasserts, realleges, and adopts by material reference the allegations contained above, and would further allege and state as follows:

54. In addition to the common law acts of negligence hereinabove set forth, Plaintiff alleges that the Defendant Dinsmore, and Defendant Lone Star via *respondeat superior* are liable for the Plaintiff's resulting bodily injuries and damages under theories of negligence per se based on Defendant Dinsmore's violations of the following statutes:

    a. Tex. Transp. Code Ann. §545.101 "Turning at an Intersection;.

    b. Tex. Transp. Code Ann. §545.102 "Turning on Curve or Crest of Grade";

    c. Tex. Transp. Code Ann. §545.103 "Safely Turning";

    d. Tex. Transp. Code Ann. §545.104 "Signaling Turns; Use of Turn Signals";

    e. Tex. Transp. Code Ann. §545.401 "Reckless Driving";

    f. 49 C.F.R. §392.2 "Applicable Operating Rules";

    g. 49 C.F.R. §392.22 "Emergency Signals; Stopped Commercial Motor Vehicles"; and

    h. 49 C.F.R. §392.3 "Ill or Fatigued Operator".

55. That as a result of, in whole or in part, the acts and/or conduct and/or omissions of the Defendant Dinsmore, and Defendant Lone Star via *respondeat superior*, the Plaintiff has sustained permanent, painful, and progressive bodily injuries; has incurred and will incur reasonable and necessary medical care and treatment, and the expense for same in the amount of at least $250,000.00 to date and will most probably incur additional reasonable medical expenses in the future for said treatment of Plaintiff's injuries sustained in the subject collision; has incurred and will incur loss of income and/or financial resources and/or revenues; has suffered and/or will suffer physical and emotional pain and suffering; has suffered and/or realized loss of enjoyment of life and will suffer and realize loss of enjoyment of life in the future, along with other legally recognized damages, all to his total damage in a sum in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of costs and interest.

56. That the acts and/or conduct and/or omissions of Defendant, Lone Star's employee, servant or contractor identified as Defendant, Dinsmore, in causing said collision above referenced, demonstrates a willful, wanton, grossly negligent and/or careless or reckless acts or conduct or omissions for the rights and safety of the public in general, and the Plaintiff in particular. Further, Plaintiff alleges that Defendant, Lone Star's employee, servant, agent or representative Defendant, Dinsmore violated numerous provisions of Defendant, Lone Star's own internal policies and procedures for the operation of a motor vehicle upon the public roadways in causing the subject collision. Further, that Defendant Lone Star allowed, condoned, directed

17

and/or permitted said conduct and/or acts and/or omissions to occur relative to its employee, agent, servant or representative, Defendant, Dinsmore, which caused or contributed to the subject collision and Plaintiff's resulting injuries and damages.

57. That as a direct result of both of the Defendants' grossly negligent conduct and/or acts and/or omissions, and/or careless or reckless disregard for the rights of the Plaintiff, in particular, and the public generally, the Plaintiff has sustained serious bodily injuries and damages. Plaintiff is not only entitled to an award of compensatory damages, but is also entitled to an award of exemplary or punitive damages as against the Defendants for the acts and/or conduct and/or omissions of the Defendant, Dinsmore and/or Defendant, Lone Star, by its agent, servant, employee or representative identified as the Defendant, Dinsmore, relative to acts, conduct or omission while acting in the course and scope of his employment and/or agent and/or contractor relationship with Defendant, Lone Star at the time of the subject collision. Plaintiff, therefore, prays the Court to grant Plaintiff an award of compensatory damages in favor of Plaintiff and against Defendants Lone Star and/or Dinsmore for a sum in excess of One Hundred Thousand Dollars ($100,000.00), and an award of exemplary or punitive damages in favor of the Plaintiff and against Defendants Lone Star and/or Dinsmore for a sum in excess of One Hundred Thousand Dollars ($100,000.00) as punitive damages, exclusive of costs and interest.

WHEREFORE, the Plaintiff, Ronald Conway, individually, prays for judgment in favor of the Plaintiff and against the Defendant Dinsmore, individually, and Defendant Lone Star, individually, and/or jointly and severally as to the two named Defendants, for a sum in excess of One Thousand Dollars ($100,000.00) by way of any and all lawfully recognized damages and/or remedies available by law, and as outlined and/or asserted above, exclusive of costs and interest, together with the awarding of lawful costs, interest and other relief this Court deems just and proper.

Respectfully submitted,

THOMAS J. STEECE - OBA #11531
Oklahoma Legal Services, PLLC
12313 Hidden Forest Blvd.
Oklahoma City, Oklahoma 73142
(T) 405-943-8300
(F) 405-603-7112
ATTORNEY LIEN CLAIMED          (E) tom@oklalegalservices.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2019, I electronically transmitted this document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF recipients:

Dan Jones
MILLS & JONES, PLLC
2760 Washington Drive, Suite 100
Norman, OK 73069
(T) 405-239-2501
(F) 405-239-2575
(E) dan@millsfirm.com

Thomas J. Steece