UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RONALD CONWAY, )
 )
    Plaintiff, )
 )
v. ) Case No. 19-CV-0658-CVE-FHM
 )
LONE STAR TRANSPORTATION, LLC, and )
WESLEY DINSMORE, individually, )
 )
    Defendants. )

**OPINION AND ORDER**

Now before the Court is defendants Lone Star Transportation, LLC's (Lone Star's) and Wesley Dinsmore's motion to partially dismiss (Dkt. # 15) and plaintiff's motion to strike reply (Dkt. # 22). Plaintiff Ronald Conway filed an amended complaint (Dkt. # 11), alleging that Dinsmore was negligent when he made an improper lane change and U-turn, colliding with plaintiff. Dkt. # 11. He alleges that Lone Star is liable under the theory of respondeat superior, because Dinsmore was operating his vehicle during the course and scope of his employment. The issue in the instant motion is whether plaintiff pleaded sufficient facts in his amended complaint to state claims of negligent entrustment, negligent hiring and retention, negligence per se, and punitive damages.

**I.**

Plaintiff alleges that, on or about August 13, 2017, he was operating a semi-tractor trailer unit on U.S. Highway 82 near Sherman, Texas, going in the same direction as Dinsmore. Dkt. # 11, at 4. Without warning, Dinsmore allegedly attempted to make an improper lane change and U-turn in front of plaintiff. Id. As a result, plaintiff collided with Dinsmore's semi-tractor trailer unit and

suffered serious injuries. Id. Plaintiff alleges negligence against Dinsmore, negligence against Lone Star (the employer of Dinsmore and owner of his vehicle), negligent entrustment against Lone Star, negligent hiring and retention against Lone Star, and negligence per se against Dinsmore and Lone Star. Id. at 4, 7, 10, 13, 16.

Plaintiff filed his lawsuit in the Tulsa County District Court on August 12, 2019. Id. at 1. On December 4, 2019, defendants removed the case to this Court based on diversity of citizenship. Id. Plaintiff filed an amended complaint (Dkt. # 11) after defendants filed a motion to partially dismiss the original complaint (Dkt. # 8), with added claims of negligent entrustment, negligent hiring and retention, and negligence per se. On January 10, 2020, defendants filed a motion to partially dismiss plaintiff's amended complaint. Dkt. # 15. Plaintiff filed a response (Dkt. # 19), and defendants filed a reply (Dkt. # 21). On January 31, plaintiff filed a motion to strike reply (Dkt. # 22) because, plaintiff argues, the reply does not state any new arguments or law.

## II.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" Doe v. Woodard, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "All well-pleaded facts, as distinguished from conclusory allegations, must

be taken as true, and [the court] must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." Id. (internal citation omitted).

### III.

### A.

### Negligent Entrustment and Negligent Hiring and Retention

Plaintiff alleges in his amended complaint, inter alia, claims of negligent entrustment and negligent hiring and retention against Lone Star. Defendants argue that both claims are merely legal conclusions without sufficient supporting facts.

*1. Negligent Entrustment*

In his negligent entrustment claim, plaintiff alleges that Lone Star "carelessly and/or recklessly and/or unsafely, negligently entrusted possession of the [vehicle] to [d]efendant Dinsmore who was, at the time of the subject collision, an unsafe and/or untrained and/or inadequately trained person relative to the operation of the subject power unit." Dkt. # 11, at 10. Plaintiff alleges that Dinsmore violated numerous provisions of Lone Star's internal policies and procedures while operating his vehicle. Id. at 11. Plaintiff alleges that Lone Star condoned this behavior. Id. at 11-12.

"Negligent entrustment of an automobile occurs when the automobile is supplied, directly or through a third person, for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, is likely to use it in a manner involving unreasonable risk of bodily harm to others . . . ." Sheffer v. Carolina Forge Co., LLC, 306 P.3d 544, 548 (Okla. 2013). To establish a claim of negligent entrustment, the plaintiff must show that a reasonable person knew or should have known that the person entrusted with the vehicle would be likely to operate it in a careless, reckless, or incompetent manner. Green v. Harris, 70 P.3d 866, 869 (Okla. 2003). A

necessary element of a negligent entrustment claim is that the plaintiff's injury result from the driver's careless or reckless operation of the vehicle. Clark v. Turner, 99 P.3d 736, 743 (Okla. Civ. App. 2004);[1] see also McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP, 288 F. Supp. 2d 796, 806 (N.D. Tex. 2003) ("Knowledge of the driver's incompetency at the time of the entrustment is an essential element to establish negligence.") (citing Briseno v. Martin, 561 S.W.2d 794, 796 n.1 (Tex. 1977)).

Plaintiff has not alleged facts that Lone Star knew or should have known that Dinsmore was incompetent, careless, or reckless. He states only legal conclusions. That Dinsmore made an improper lane change and U-turn during the course and scope of his employment is, without more, negligence. Thus, the Court finds that defendants' motion to partially dismiss plaintiff's claim as to negligent entrustment should be granted.

*2. Negligent Hiring and Retention*

In his negligent hiring and retention claim, plaintiff alleges that Lone Star "carelessly and/or recklessly and/or unsafely, negligently hired [d]efendant Dinsmore . . . trained [d]efendant Dinsmore . . . supervised [d]efendant Dinsmore . . . [and] retained [d]efendant Dinsmore. Dkt. # 11, at 13. Plaintiff then realleges the same facts and legal conclusions that he alleged in his negligent entrustment claim, such as the improper lane change and U-turn, injuries, and lost wages.

A claim for negligent hiring, supervision, or retention seeks to find an employer "liable for [its] prior knowledge of the servant's propensity to commit the very harm for which damages are sought." N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 600 (Okla. 1999); Phillips v. Super

---

[1] The accident occurred in Texas; therefore, there is a question of whether Texas or Oklahoma law should apply. However, the relevant law is the same in both states. The Court will cross-reference Texas and Oklahoma law throughout.

Svs. Holdings, LLC, 189 F. Supp. 3d 640, 648 (S.D. Tex. 2016) ("Therefore, an employer is liable for negligent hiring, retention, or supervision if it hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others.") (emphasis added) (quoting Morris v. JTM Materials, Inc., 78 S.W.3d 28, 49 (Tex. App.–Fort Worth 2002, no pet.).

Plaintiff has failed to allege facts that Lone Star had prior knowledge or should have known that Dinsmore had a "propensity to commit the very harm for which damages are sought." N.H., 998 P.2d at 600. Rather, plaintiff alleges that Dinsmore made an improper lane change and U-turn, along with stating legal conclusions. A blanket statement that Lone Star negligently or carelessly hired, supervised, or retained Dinsmore is insufficient to constitute prior knowledge and, thus, is insufficient to state a claim for negligent hiring and retention under Fed. R. Civ. P. 12(b)(6). Therefore, the Court finds that defendants' motion to partially dismiss plaintiff's negligent hiring and retention claim should be granted.

**B.**

**Negligence Per Se**

Plaintiff alleges violation of five Texas statutes and three federal regulations in support of his negligence per se claim: Texas Transportation Code §§ 545.101, 545.102, 545.103, 545.104, 545.401, and 49 C.F.R. §§ 392.2, 392.22, and 392.3. Dkt. # 11, at 16. Under Oklahoma law, a plaintiff is permitted to refer to statutory law to show that the defendant owed a duty to the plaintiff, rather than a common law duty, and this is known as negligence per se. Howard v. Zimmer, 299 P.3d 463, 467 (Okla. 2013). To establish a claim of negligence per se, the plaintiff "must demonstrate the claimed injury was caused by the violation, and was of the type intended to be

5

prevented by the statute. Finally, the injured party must be one of the class intended to be protected by the statute." Id.; see also Kelly v. Brown, 260 S.W.3d 212, 218 (Tex. Ct. App.–Dallas 2008) ("Thus, two primary factors determine whether the violation of a criminal statute gives rise to negligence [per] [se]: (1) whether the party asserting negligence [per] [se] is in the class of persons the statute is designed to protect; and (2) whether that person's injury is the type of injury the statute was designed to prevent.").

Defendants argue that Texas Transportation Code § 545.102 is not supported by the facts that plaintiff alleges. Dkt. # 15, at 7. The statute provides that "[a]n operator may not turn the vehicle to move in the opposite direction when approaching a curve or the crest of a grade if the vehicle is not visible to the operator of another vehicle approaching from either direction within 500 feet." Tex. Transp. Code Ann. § 545.102 (Vernon 1995). Plaintiff alleges that Dinsmore made an illegal U-turn and lane change in front of him. Dkt. # 11, at 4. However, plaintiff does not allege that Dinsmore was "approaching a curve or the crest of a grade." Therefore, the Court finds that defendants' motion to partially dismiss plaintiff's negligence per se claim as it pertains to Texas Transportation Code § 545.102 should be granted.

Defendants also argue that Texas Transportation Code § 545.401 "does not provide an objective standard necessary for a negligence [per] [se] claim." Dkt. # 15, at 8. The statute provides: "[a] person commits an offense if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property." Tex. Transp. Code Ann. § 545.401 (Vernon 1995). Texas law is clear that Texas Transportation Code § 545.401 does not provide a cause of action for negligence per se. See Rivera v. Thanh Chi Nguyen, 2019 WL 4999055, at *4 (W.D. Tex. July 22, 2019) ("[N]one of the statutes cited by Rivera in her petition [including Texas Transportation Code §

6

545.401] can support negligence *per se* claims, to the extent she is asserting negligence *per se* claims, those claims fail."); Fret v. Melton Truck Lines, Inc., 2016 WL 10590158, at *3 (W.D. Tex. Nov. 29, 2016) (concluding that Texas Transportation Code § 545.401 "does not impose a special standard of care, and thus may not support negligence [per] [se]") (reversed on other grounds). Oklahoma courts have not addressed this statute, but hold that a positive objective standard is necessary for a negligence per se claim. See Wade v. Reimer, 359 P.2d 1071, 1073 (Okla. 1961) (finding no fundamental error in a trial court's refusal to give a negligence per se instruction when the statute did not provide a "positive objective standard"); Smith v. Barker, 419 P.3d 327, 333 (Okla. Ct. Civ. App. 2017) ("A negligence [per] [se] instruction is not appropriate where the terms of the statute do not impose positive objective standards."). Driving a vehicle "in wilful or wanton disregard for the safety of persons or property" is not a positive objective standard. Therefore, the Court finds that defendants' motion to partially dismiss plaintiff's negligence per se claim as it pertains to Texas Transportation Code § 545.401 should be granted.

Defendants next challenge plaintiff's negligence per se claim based on 49 C.F.R. §§ 392.2, 392.22, and 392.3 (the Federal Motor Carrier Safety Regulations, "FMCSR"). Dkt. # 15, at 9. Plaintiff argues that Oklahoma courts allow negligence per se claims based on FMCSR. Dkt. # 19, at 9. The Oklahoma Supreme Court has allowed causes of action in negligence per se based on federal regulations. See Howard, 299 P.3d at 472-73.[2] Therefore, the Court will examine the

---

[2] Cf. Claybrook v. Time Definite Svs. Transportation, LLC, 2016 WL 3963025, at *2-4 (N.D. Tex. July 21, 2016) (finding that the plaintiff may bring a cause of action for negligence per se under FMCSR, but denying plaintiff's claim because the injury was not the proximate cause of the violation of the regulation); but see Trevino v. Jimenez, 2018 WL 8733112, at *9 n.25 (S.D. Tex. July 11, 2018) ("Additionally, and perhaps more significant to the existence of genuine disputes regarding facts material to this claim, it appears that a violation of [FMCSR] does not warrant a finding of negligence *per se* under Texas law.").

7

regulations and determine whether plaintiff has alleged sufficient facts under each, and whether he is in the class intended to be protected by these regulations.

FMCSR require that a driver be medically examined before operating a tractor-trailer, and this requirement applies to "[a]ny driver whose ability to perform his or her normal duties has been impaired by a physical or mental injury or disease . . . ." 49 C.F.R. § 391.45. Part 391 of the FMCSR generally "establish minimum qualifications for person who drive commercial motor vehicles as, for, or on behalf of motor carriers," and the regulations also "establish minimum duties of motor carriers with respect to the qualifications of their drivers." 49 C.F.R. 391.1. FMCSR generally concern the qualifications of driver to safely operate a tractor trailer, but these regulations are frequently cited in cases in which the driver of a tractor-trailer is accused of causing an injury to another person by negligent operation of his vehicle. See Asbury v. MNT, Inc., 2014 WL 6674475 (D.N.M. Aug. 6, 2014). Courts interpreting these regulations have broadly stated that FMCSR are intended to promote highway safety. Soo Line Railroad Co. v. Werner Enterprises, 826 F.3d 413, 419-20 (8th Cir. 2016); Owner-Operator Independent Driver Ass'n, Inc. v. Dunaski, 2010 WL 3548472 (D. Minn. Sep. 7, 2010). However, certain aspects of the FMCSR are not aimed at protecting the driving public, and courts have considered on a case-by-case basis whether the specific regulation can support a negligence per se claim. Hill v. Western Door, 2005 WL 2991589 (D. Colo. Nov. 8, 2005).

Plaintiff has alleged negligence against Dinsmore, and against Lone Star under the theory of respondeat superior. He alleges that Dinsmore struck his vehicle while making an improper lane change and U-turn. Dkt. # 11, at 4. Because plaintiff accuses Dinsmore of negligently operating his vehicle in an unsafe manner causing injury to plaintiff, plaintiff is in the class of persons intended

8

to be protected by FMCSR. However, whether plaintiff has alleged sufficient facts to preclude dismissal of each negligence per se claim is a different matter.

49 C.F.R. § 392.3 provides: "No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle." Plaintiff alleges that Dinsmore made an improper lane change and U-turn. Dkt. # 11, at 4. He does not allege facts that Dinsmore was impaired in any way. Therefore, the Court finds that plaintiff has not stated a claim for negligence per se under 49 C.F.R. § 392.3. Defendants' motion to dismiss this claim should be granted.

49 C.F.R. § 392.22 provides that "[w]henever [a commercial motor vehicle] is stopped upon the traveled portion of a highway or the shoulder of a highway . . . the driver of the stopped commercial motor vehicle shall immediately activate the vehicular hazard warning signal flashers and continue the flashing until the driver places . . . warning devices . . . ." Plaintiff has not alleged that Dinsmore was stopped when he made the improper lane change and U-turn. Therefore, the Court finds that plaintiff has not stated a claim for negligence per se under 49 C.F.R. § 392.22. Defendants' motion to dismiss this claim should be granted.

49 C.F.R. § 392.2 provides: "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated." The Court finds that 49 C.F.R. § 392.2 is too vague to meet the positive objective standard test under Oklahoma and Texas law. See Smith v. Barker, 419 P.3d at 333; Fret, 2016 WL

9

10590158, at *3. Therefore, defendants' motion to dismiss plaintiff's negligence per se claim based on 49 C.F.R. § 392.2 should be granted.

## C.

## Punitive Damages

Defendants also seek to dismiss plaintiff's claim for punitive damages. Dkt. # 15, at 10. Defendants argue that plaintiff has failed to plead sufficient facts to warrant punitive damages on any of his claims. Id. at 10-13.

The requirements for properly pleading punitive damages are relatively few. Oklahoma statute allows punitive damages to be awarded in actions not arising out of a contract. OKLA. STAT. tit. 23, § 9.1(A) ("In an action for the breach of an obligation not arising from contract, the jury, in addition to actual damages, may . . . award punitive damages for the sake of example and by way of punishing the defendant . . . ."). To award such damages, the jury must find, by clear and convincing evidence, that the defendant acted either with "reckless disregard for the rights of others" or "intentionally and with malice." Id. § 9.1(B)-(C).[3] As the "plea for punitive damages rests on the underlying claim, . . . if there is no recovery on the underlying claim, there can be no recovery of punitive damages." Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd., 867 P.2d 1241, 1247 (Okla. 1993). The Oklahoma pleading code classifies punitive damages as a type of special damages, and "[w]hen items of special damage are claimed, their nature shall be specifically stated." OKLA. STAT. tit. 12, § 2009(G).

---

[3] Cf. Glasscock v. Armstrong Cork Co., 946 F.2d 1085, 1093 (5th Cir. 1991) (applying Texas law) ("A finding of gross negligence will justify punitive damages, as will a finding of reckless, willful, or intentional indifference to the rights of others.").

Because plaintiff specifically states in his complaint that he is seeking punitive damages based on Dinsmore's allegedly reckless or grossly negligent conduct, the Court finds that it meets the requirements for seeking punitive damages. See Ferrell v. BGF Glob., LLC, 2018 WL 746399, at *3 (W.D. Okla. Feb. 6, 2018) (motion for summary judgment denied because, although plaintiff did not present evidence of punitive damages, the jury could find that defendant acted with the requisite culpability to warrant punitive damages); Beavers v. Victorian, 38 F. Supp. 3d 1260, 1273-74 (W.D. Okla. 2014) (summary judgment inappropriate where plaintiff requests punitive damages based on reckless conduct). Oklahoma law allows for punitive damages when a defendant acts in reckless disregard for the rights of others, and plaintiff alleges in his amended complaint that Dinsmore "reckless[ly] . . . operat[ed] . . . a motor vehicle on the public roadways." Dkt. # 11, at 5; see OKLA. STAT. Tit. 23, § 9.1(B)(1) (2002). A jury could find, based on plaintiff's allegations, that defendants acted in reckless disregard for the rights of others. Likewise, defendants' argument that Lone Star is immune from punitive damages is without merit. See Dkt. # 15, at 12-13. Should Dinsmore be liable for acting recklessly or with gross negligence and if he was driving within the scope of his employment, Lone Star may be liable under the theory of respondeat superior for punitive damages. Therefore, any claim for punitive damages against Dinsmore can be made against Lone Star as well.[4] The Court finds that defendants' motion to partially dismiss plaintiff's punitive damages claims should be denied.

---

[4] Defendants argue that Lone Star never ratified Dinsmore's actions. Dkt. # 15, at 12-13. However, ratification is not an element of a claim for punitive damages against a corporation; the corporation must merely have been grossly negligent or reckless.

## IV.

### Plaintiff's Motion to Strike Reply

Plaintiff moves to strike defendants' reply brief. Motion practice is governed by the local rules of this Court. Local Rule 7.2(h) states that reply briefs "regarding new matter in the response brief may be filed within fourteen (14) days after the due date of the response." Defendants filed their reply within fourteen days of the due date of the response. In the reply brief, defendants address plaintiff's negligent entrustment and negligent hiring and retention claims only. Defendants organize their reply based on plaintiff's arguments. See e..g., Dkt. # 21, at 1 ("**Reply to Proposition A:**"). This is exactly the purpose of a reply brief–to address the arguments raised in the response. Therefore, the Court finds that plaintiff's motion to strike reply (Dkt. # 22) should be denied.

**IT IS THEREFORE ORDERED** that defendants Lone Star Transportation, LLC's and Wesley Dinsmore's motion to partially dismiss (Dkt. # 15) is **granted in part** and **denied in part**: it is granted as to plaintiff's negligent entrustment, negligent hiring and retention, and negligence per se claims; it is denied as to plaintiff's punitive damages claim.

**IT IS FURTHER ORDERED** that plaintiff Ronald Conway's motion to strike defendants' reply (Dkt. # 22) is **denied**.

**DATED** this 7th day of February, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE